# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:04-cv-00189-W

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>INDECOM TECHNOLOGIES, INC., )<br>and INDECOM TECHNOLOGIES, )<br>INC., RETIREMENT PLAN, )<br>)<br>Defendants. )<br>) | **DEFAULT JUDGMENT** |

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 5) and Plaintiff's Brief in Support of Plaintiff's Motion for Default Judgment (Doc. No. 6). Plaintiff brought this action against Defendants[1] pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. § 1132(a)(2) and 1132 (a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et. seq*. ("ERISA"). In sum, Plaintiff alleges and evidence shows that Defendant Indecom Technologies, Inc., no longer exists, and that it failed to terminate its Retirement Plan upon ceasing operations, therefore leaving the Retirement Plan abandoned.

On July 2, 2004, Defendant Indecom Technologies, Inc., was served through the North Carolina Secretary of State's office in accordance with Rule 4 of the Federal Rules of Civil Procedure. (Doc. No. 2). Defendant failed to timely answer or otherwise defend and has made no appearance in this matter. On September 14, 2004, the Clerk of Court entered default against

---

[1] Plaintiff asserts that Defendant "Indecom Technologies, Inc., Retirement Plan" is a nominal Defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, solely to ensure that complete relief can be granted. Plaintiff has not asserted claims for equitable or injunctive relief against this nominal Defendant.

Defendant Indecom Technologies, Inc. (Doc. No. 4).

Plaintiff now moves for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Rule 55(b)(2) allows the Court to enter judgment and to receive evidence to determine the appropriate relief to be granted. Here, Plaintiff requests the Court remove Indecom Technologies, Inc., as fiduciary and appoint a new fiduciary to terminate the Retirement Plan and distribute assets. In support of her Motion, Plaintiff submitted to the Court the Affidavit of William Boros and a Memorandum of Law with supporting argument and authority. The Court has reviewed the record and the applicable authority and finds that default judgment is proper.

Plaintiff's Memorandum also included evidence of M. Larry Lefoldt's qualifications to be appointed as a substitute fiduciary to the Retirement Plan. "As part of the equitable relief associated with removal, the Court may appoint a substitute fiduciary." Dairy Fresh Corp. v. Poole, 108 F. Supp. 2d 1344, 1361 (D. Ala. 2000) (citing Katsaros v. Cody, 744 F.2d 270, 281 (2d Cir. 1984)). The Court finds that M. Larry Lefoldt is reasonably and appropriately qualified to serve as an Independent Fiduciary in this matter. For the reasons stated herein, Plaintiff's Motion for Default Judgment is GRANTED.

WHEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED that:

A. Plaintiff's Motion for Default Judgment is GRANTED;

B. Defendant Indecom is ordered to be removed from its position as fiduciary with respect to the Indecom Technologies, Inc., Retirement Plan ("Plan"), and is hereby permanently enjoined from acting as a fiduciary, trustee, agent, or representative in any capacity to any employee benefit plan, as defined by ERISA;

C. M. Larry Lefoldt is a qualified appointee and is hereby appointed as the Independent Fiduciary to the Indecom Technologies, Inc., Retirement Plan;

D. As Independent Fiduciary, M. Larry Lefoldt is authorized as Administrator and Trustee of the Plan and is directed to perform the following responsibilities: (1) to assume control of the Plan and its assets; (2) to terminate the Plan and distribute any remaining assets to Plan participants in accordance with applicable law; and (3) to disburse and administer the Plan assets in accordance with this Order and Judgment;

E. The Independent Fiduciary is further granted all rights, duties and responsibilities of any fiduciary or trustee described under the Plan documents or applicable law, and is also authorized to delegate or assign duties as appropriate and allowed by law;

F. The Independent Fiduciary is not responsible for filing tax returns on behalf of the Plan; fulfilling reporting obligations required by law, other than the reporting and notice requirements pursuant to applicable law governing the termination and disbursement of Plan assets; or taking any other action with respect to the Plan, other than those duties set forth herein; and

G. The Independent Fiduciary is authorized to receive reasonable fees and expenses, payable from the assets of the Plan.

The Court, finding that there is no just reason to delay the entry of this Judgment, expressly orders this be entered as a final order, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Signed: October 16, 2006

Frank D. Whitney
United States District Judge